## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARTURO CHAVEZ RAMIREZ,

    Plaintiff,

v.

                             Case No. 1:20-cv-03568

BC SERVICES, INC.,

    Defendant.

## COMPLAINT

NOW COMES, ARTURO CHAVEZ RAMIREZ, through undersigned counsel, complaining of BC SERVICES, INC., as follows:

### NATURE OF THE ACTION

1.    This is an action seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    ARTURO CHAVEZ RAMIREZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 17230 71st Avenue, Apartment 10, Tinley Park, Illinois 60477.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    BC SERVICES, INC. ("Defendant") is a corporation organized and existing under the laws of Colorado.

1

7.     Defendant has a principal place of business at 550 Disc Drive, Longmont, Colorado 80503.

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9.     Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10.     Defendant sent eight (8) letters to Plaintiff's long-time address, dated January 31, 2020, which stated:

**Date**: January 31, 2020          L50008-#101
**Creditor**: UNIVERSITY OF COLORADO MEDICINE
**Current Amount Due**: $ [varies]     **Account #**: [varies]
**Principal**: $ [varies]                         **Interest**: $0.00

Your creditor, listed above, has placed your account for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

The current amount due reflected above is the amount due as of the date of this letter. Due to the possible accrual of interest on your account(s), the current amount due as shown in this letter may change from day to day.

This communication is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

11.     Each letter sought to collect on different medical accounts.

| | |
|---|---|
| ****6821 | $244.80 |
| ****6822 | $22.80 |

| | |
|---|---|
| ****6825 | $665.40 |
| ****6826 | $589.20 |
| ****6827 | $364.20 |
| ****6828 | $22.80 |
| ****6829 | $102.00 |
| ****6830 | $28.20 |

12.     The twist?  Plaintiff **did not** receive medical treatment from University of Colorado-Medicine; therefore, did not owe this debt.

13.     Confused, Plaintiff verbally notified Defendant that they had the wrong individual.

14.     Nevertheless, Defendant sent four (4) identically-worded letters to Plaintiff, dated March 27, 2020 – each seeking to collect on four additional University of Colorado-Medicine accounts.

| | |
|---|---|
| ****4633 | $240.60 |
| ****4634 | $177.60 |
| ****4635 | $346.80 |
| ****4636 | $172.80 |

15.     Each account is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.     Each letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as each letter conveyed information regarding a debt directly or indirectly to Plaintiff.

17.     Defendant's letters caused Plaintiff to fear that Defendant will (1) commence wrongful collection proceedings against Plaintiff; and/or (2) report these debts on Plaintiff's credit report.

18.     Furthermore, Defendant's letters caused anxiety, confusion, inconvenience and mental anguish.

19.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

20.     Paragraphs 10 through 23 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692e

21.     Section 1692e provides

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)     The false representation of –
>
>> (A)     the character, amount, or legal status of any debt.
>
> (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A) and e(10).

22.     Merely dunning a person who is not legally obligated to pay the debt constitutes a false, misleading, or deceptive representation about the character and status of the debt.  *Kayyal v. Enhanced Recovery Co., LLC*, 2019 U.S. Dist. LEXIS 161475 (N.D. Ill. Sept. 23, 2019) (citing *Owens v. Howe*, 2004 U.S. Dist. LEXIS 22728, 2004 WL 6070565, *11 (N.D. Ind. Nov. 8, 2004).

23.     Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by sending twelve (12) dunning letters to Plaintiff seeking to collect on debt that was not incurred by Plaintiff.

24.     Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A) and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who

fails to comply with any provision of [the FDCPA] with respect to any person is liable to such

person in an amount equal to the sum of -

    (1)    any actual damage sustained by such person as a result of such failure;

    (2)

        (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

    A.    a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

    B.    an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

    C.    an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.    an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

    E.    an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 18, 2020

Respectfully submitted,

**ARTURO CHAVEZ**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com